# IN THE MATTER OF DOOLEY, SMITH, & COMPANY, Alleged Bankrupt.

San Juan Bankruptcy, No. 101.

ON PETITION OF ANTONIO MATOS.

Bankruptcy—Provisional Receivership.
   1. A claim cannot be proved in bankruptcy until there has been an adjudication in bankruptcy.

Rule to Show Cause—Petition.
   2. A rule to show cause should not be used as a substitute for a petition setting up any claim. It arrests orderly procedure of a case, and should be confined to extraordinary cases, such as misconduct of officers appointed by the court and the like.

Opinion filed April 18, 1914.

*Mr. Henry G. Molina* for petitioner.

*Mr. Louis Banigan* for respondent.

HAMILTON, Judge, delivered the following opinion:

The facts seem to be pretty well agreed upon, that the petitioner bought an automobile, paying $300 on it, but did not pay the balance, and has never got back either the automobile or the $300. What the defense may be, of course, I do not know at this time. The petitioner asks that his claim be adjudicated and be declared a prior claim; in other words, that the

In the Matter of Dooley, Smith, & Co.

money be declared in the nature of a trust fund in the hands of the receiver.

1. It presents quite an interesting point. I do not think, however, that I can entertain it in any shape at this time. This is a bankruptcy matter, and the bankrupt law is a statute which sets out the different steps to be taken, and who shall take them, of course, subject to some questions of interpretation, as will happen with any statute. But I think it is clear from the law that a court cannot proceed to approve a claim, and that whether it be the district court or the referee himself, until there is an adjudication of bankruptcy. That is the very first step, and, until that is done, the second step cannot be taken, that is, a reference to a referee to determine claims, priorities, etc.

This particular case is a very unusual one. Here is a petition in bankruptcy, and the petitioner and the alleged bankrupt get together and agree that there shall be a receivership *pro tem;* what I suppose under the Porto Rican law would be styled a provisional receivership. This term certainly could apply to that if the term applies at all. The receivership was granted in New York, and the head of the alleged bankrupt concern himself represents the receivers, wholly at first, and now represents them in part. This is a condition which no court would be willing to see prolonged for any great length of time, and the court is very glad to learn that it will be put in some different shape on the 1st of July. But, however that may be, this court cannot entertain what is a collateral attack upon the bankruptcy matter, that is to say, having a claim approved, even conceding that it is everything that it is said to be,—I am not passing on that at this stage of the case. So that the court will have to dis-

In the Matter of Dooley, Smith, & Co.

charge the rule to show cause, but will leave the petitioner to present his claim in the future, I will not say when.

As a matter of practice, it is suggested that this should go to a master or referee. Of course, I will not pass on that because I am not going to refer it now to anybody. But as to the matter of requiring security for costs, I am glad it has been suggested and very glad to think it over. It is a matter that will require very careful consideration, because what is true of one petition might not be true of another, and I make no decision on that, of course, right now, but one thing as to practice I should say.

2. I have allowed in bankruptcy cases a rule to show cause, and in receivership cases too, on the idea that it is simply process and would merely bring the matter before the court when the right issues could be made up. I think, however, it is not the best practice. A rule to show cause is a writ of very high order, and requires a man to come before the court and make a showing on the matter. It is arresting the orderly procedure of a receivership case. I think such matters should be presented by a petition. In the first place, that does not require any action of the court, whereas a rule to show cause is brought in a hurry and it might work injustice. And then, if this claim can be brought up in this way, any other can, so that the court would be determining in advance the whole case.

So it strikes the court that you had better not follow that practice, and hereafter I think I shall ask the applicants to file a petition and bring it up in whatever may be the usual course of a petition. Of course, if a receiver is misbehaving, that would be a different proposition, but I think there should be that difference of procedure between a receivership or bank-

In the Matter of Dooley, Smith, & Co.

ruptcy case and the extraordinary procedure by rule to show cause. It would be much as at law, the difference between a suit and an extraordinary writ, such as quo warranto. It looks as if this is almost getting to be a practice,—I am not speaking of any particular attorney at all, but such applications come up quite often. I think we will stop the rules to show cause except in extraordinary cases. As to what would be the length of notice for such petitions, the rule here is five days, unless. the application be of the nature of an original bill.